HAWTHORNE, Justice
(concurring in part and dissenting in part).
I concur in that portion of the majority opinion which rejected the defense that compensation should be denied because the deceased failed to use an adequate guard or protection provided for him. I do not think that the defendant sustained the burden o.f proving that the deceased’s failure-to connect the brakes on the trailer caused the injury..
I dissent from the judgment awarding recovery to the' plaintiff because another defense strongly relied upon by defendant, has merit and should prevent plaintiff’s, recovery; This defense is based upon that part of the compensation statute which, provides:
“No compensation shall be allowed-for an injury caused * * * (.4) by the employee’s deliberate breach of statutory regulations affecting safety of • life or limb.” (Italics mine.) LSA-R.S. 23:1081.
The defendant contends that recovery-should be denied under this provision because the deceased violated statutes which-require motorists to stop- at railroad crossings and make the violation of the requirement a criminal offense. LSA-R.S,. 32:243; 45 :563, 564.
.The deceased did not stop in this case,, and his failure to stop caused his death,, but this breach of the statutory regulation-must have been “deliberate” in order for the defense to prevail. One purpose of .the word “deliberate” in the compensation law was to exclude from its operation the-imputation that every one has knowledge-of the law. The Legislature could, of' course, have provided that a workman would be barred from compensation by the-breach of a statutory regulation affecting- *173 life or limb regardless of whether he had knowledge of the regulation, but our legislators are reasonable men and must have realized that a great many workers in the state can neither read nor write and some cannot even speak the English language, and that it would be contrary to the purpose of the compensation act to deprive them of benefits because of their ignorance when there could be no moral blame.
The question for consideration under this defense is one of fact therefore: Did the deceased fail to stop at the crossing knowing that the law required him to stop ? Since the deceased cannot speak, the question can be answered only by objective standards — the circumstances which show why he failed to stop. If he were able to speak, he could tell his state of mind on approaching this crossing and thus aid the court in determining the question.
In a stipulation filed in this court counsel for plaintiff admit that one of the large signs everywhere evident in this state at railroad crossings was in full view of the approaching traffic to warn motorists that the law required them to stop at the railroad crossing. What better proof could there be that the deceased knew the law required him to stop' than to show that a large sign was placed in his view which would apprise him of that fact? There is nothing in the record to show that there was anything unusual about the physical surroundings on the approach to the crossing which would prevent a motorist from realizing that he was coming to a railroad. There were some trees and shrubbery on the driver’s left which obscured the view down the track, but the approach was not on a curve. Objectively, then, the deceased must have realized that he was approaching a railroad and that the law required him to stop.
Counsel for plaintiff in brief state that the “decedent’s failure to stop in this case was certainly not deliberate, within the meaning of the statute, as he manifestly tried to stop. There can be no mistake about this, for the skid marks on the highway extended 100 feet to the railroad. His failure to stop was anything but deliberate. It was involuntary, undesired and unwanted.” I do not think that this argument of counsel is sound.
The stipulation of facts made in the trial court shows that the deceased was driving a truck and trailer loaded with 10 to 11 tons of stumps at the rate of 35 miles an hour; that when he first saw the train he applied the brakes and endeavored to stop and that skid marks on the roadway measured 100 feet from where they first appeared up to the point of collision. This stipulation refutes the fact that the deceased was stopping to observe the safety regulation — he was stopping because he was confronted with imminent peril which was brought about by his breach of the law. A desperate effort to stop in a space so short that the effort is impossible to complete is not good faith compliance with the regulation. Such action really shows the opposite— that the deceased deliberately breached the *175 regulation and then realized that he should have stopped for the crossing and was trying vainly at the last minute to do so to save his life.
The defendant has sustained in my opinion the burden of proving a deliberate breach of the statutory regulation which caused the injury, and compensation should be denied.
I recognize that this is a hard case from the viewpoint of sympathy toward the widow and the children of the deceased, but the legislators in their wisdom considered that the employer ought' to be relieved when the injury occurs under the circumstances of this case, and we, as judges, can but carry out their will and are without authority to disregard the statute.-
For these reasons I cannot agree with the judgment rendered in this case.